IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

GRANT THORNTON, LLP,

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:00-0655

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Defendant;

and

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:03-2129

GRANT THORNTON, LLP,

    Defendant;

and

GARY ELLIS,

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:04-0043

GRANT THORNTON, LLP,

    Defendant.

## MEMORANDUM OPINION

By Order entered May 12, 2004, the court denied Grant Thornton's Motion in Limine to Exclude Evidence of Keystone's Payment of $10 Million to United National Bank. The reasons for that decision follow.

Federal Rule of Civil Procedure 30(b)(6) provides:

> [a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested.  In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify....  The persons so designated shall testify as to matters known or reasonably available to the organization.

At the 30(b)(6) deposition of the FDIC's damages expert, Harry Potter, held on July 10, 2002, he did not include the aforementioned payment to United as an element of the damages in this case.  According to the FDIC, it only learned about the nature of the payment during the depositions of Joe Wilson and Terry Church, held on July 18, 2002 and August 27, 2002, respectively.  According to the FDIC, the issue of the payment was explored extensively during both depositions and, therefore, Grant Thornton cannot complain that it was surprised that Potter included the payment as an element of damages in his February 14, 2003 expert report.

In this case, it is clear that Mr. Potter was not aware of the nature of the United payment at the time of his deposition.  Further, given the massive number of bank records and their condition, the court cannot find that knowledge of the specifics of the payment "were reasonably available" to the FDIC.  Grant Thornton knew of this change to Potter's calculation of damages

more than a year prior to trial.  Accordingly, it cannot claim unfair surprise.  See United States v. Taylor, 166 F.R.D. 356, 362 n.6 (M.D.N.C. 1996) ("When the Court indicates that the Rule 30(b)(6) designee gives a statement or opinion binding on the corporation, this does not mean that said statement is tantamount to a judicial admission.  Rather, just as in the deposition of individuals, it is only a statement of the corporate person which, if altered, may be explained and explored through cross-examination as to why the opinion or statement was altered.").  Indeed, Grant Thornton explored the issue with Mr. Potter extensively during his deposition on October 8 and 9 of 2003.  Grant Thornton also cross-examined Potter on the subject during the trial.  Potter, May 27, 2004, Tr. at 77-88.

The examples of the prejudice allegedly suffered by Grant Thornton are flimsy at best.  First, Grant Thornton did not seek leave of the court to reopen discovery on the issue.  Nor did it seek to assert a third-party claim against United.  Given that it did neither of these two things, it should not attempt to guess how the court would have received such efforts.[*]

Based on the foregoing, Grant Thornton's motion in limine

---

[*] The court denied Grant Thornton's motion to assert a third-party claim against Kutak Rock because Kutak Rock and the FDIC had entered into a settlement with respect to the FDIC's claims against Kutak, not because it was untimely filed.  The effort to file a direct claim against Kutak Rock was rejected for untimeliness.

was DENIED.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 1st day of February, 2007.

ENTER:

*David A. Faber*

David A. Faber
Chief Judge