```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      BLUEFIELD
```

GARY ELLIS,

     Plaintiff,

v.                         CIVIL ACTION NO. 1:04-0043

GRANT THORNTON, LLP,

     Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Gary Ellis's Motion to Review and Reverse the Clerk's Taxation of Costs (Doc. 237).  For reasons expressed more fully below, that motion is GRANTED.

On March 18, 2009, the Clerk taxed costs in the amount of $68,983.70 against plaintiff Gary Ellis.  Pursuant to Fed. R. Civ. P. 54(d), Ellis asked the court to review and reverse the court's taxation of costs.

Rule 54 "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999).  However, a district court is given discretion to deny an award of costs "when there would be an element of injustice in a presumptive cost award." Id. Factors a court should consider in making this determination include: (1) misconduct of the prevailing party worthy of a penalty; (2) the losing party's inability to pay; (3) the excessiveness of the costs; (4) the limited value of the prevailing party's victory; (5) the closeness and difficulty of

the issues decided; and (6) the losing party's good faith in bringing the action.  Id.; see also Merritt v. Old Dominion Freight Line, 2009 WL 1362378, *1 (W.D. Va. 2009).

As to the first factor, the court does not believe that there has been any misconduct by Grant Thornton worthy of a penalty.  Furthermore, Mr. Ellis does not argue regarding the excessiveness of the costs nor does he contend that Grant Thornton's victory was of limited value.  Consideration of the second factor, i.e., Ellis's ability to pay, however, weighs heavily in favor of denying costs.  At the time of trial in 2004, Ellis's yearly salary was $52,630.00.  He is now retired.  Given that the amount of costs was more than his yearly salary before retirement, it is clear that having to pay costs in this amount would work a substantial hardship on Ellis.

As to the closeness and difficulty of the issues decided and the good faith of Ellis in bringing the action, the court believes that the issues presented were close and difficult.  After a month-long bench trial, the court entered judgment in favor of Mr. Ellis[1] and Grant Thornton appealed.  The Fourth Circuit, in predicting how West Virginia's highest court would decide whether Grant Thornton owed Ellis a duty of care under the West Virginia law of misrepresentation, adopted a six-part test

---

[1] It is also worth noting that when the trial commenced Grant Thornton was pursuing a counterclaim against Ellis.  Grant Thornton withdrew its counterclaim on the sixth day of the trial.

2

based on § 522 of the Restatement (Second) of Torts.  Ellis v. Grant Thornton, LLP, 530 F.3d 280, 288-89 (4th Cir. 2008). Ultimately, the appeals court found that the record was devoid of any evidence that Ellis had proven the last three elements of the test and reversed.[2]  Id. at 288-92.  The fact that the judgment was reversed on appeal only serves to underscore this court's determination that the legal issues presented were close and difficult.

For the foregoing reasons, Ellis's motion is GRANTED and the taxing of Grant Thornton's costs to Mr. Ellis is REVERSED.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 31st day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] However, had the case been remanded, rather than reversed, it is very likely that Ellis would have been able to prove that he could meet all six elements of the test.  While the court cannot say with certainty that the result would have been the same on remand, what is certain is that, on remand, the district court would have had the benefit of the Fourth Circuit's decision and the guidance provided therein.